UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,　　　　　　　　　　Case No. 16-cr-51-pp

　　　　　　Plaintiff,

v.

STEPHEN FELTON,

　　　　　　Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 37)**

---

　　　　On June 17, 2016, the defendant filed a motion to suppress evidence obtained from the installation of a GPS tracking device on his SUV. Dkt. No. 37. The basis for the defendant's argument was that, while the warrant to install the GPS was issued by a Wisconsin judge based on probable cause alleging violations of Wisconsin law, the search was "federal in character," and therefore subject to the requirements of Fed. R. Crim. P. 41. The parties fully briefed the motion, and on July 6, 2016, Judge Joseph recommended that this court deny the motion to suppress. The court denies the motion.

**Facts**

　　　　Judge Joseph laid out the following facts in her report and recommendation (and the defendant does not dispute those facts—see Dkt. No. 41 at 1, 4):

> A criminal complaint was issued in Milwaukee County Circuit Court on March 15, 2016, charging Felton with one count of armed robbery, one count of being a felon in possession of a firearm, and one count of conspiracy to rob a financial institution. (Def.'s Br. At

1

> 1, Docket #37.) On March 24, 2016, Felton's state case was dismissed on the State's motion and a criminal complaint was issued in the Eastern District of Wisconsin. (*Id.*) The eleven page affidavit in support of the criminal complaint alleges armed carjackings of two vehicles in Milwaukee and armed robberies of two banks in Wauwatosa in January and February of 2016. (*Id.*)
>
> During the investigation of the robberies, law enforcement identified several unknown suspects and a black 1998 Ford Expedition with Wisconsin license plate number 975-YLG as being associated with one of the carjackings and two of the bank robberies. (*Id.* at 1-2.) On February 24, 2016, a Wauwatosa Police Department officer applied for and obtained from the Milwaukee County Circuit Court a 60-day order to install, monitor, maintain, and retrieve a global positioning system ("GPS") tracking device for the black Ford Expedition belonging to Felton. (*Id.* at 2.) The GPS unit was installed onto Felton's Expedition sometime in late February 2016. (*Id.*) Law enforcement used the data obtained from the GPS tracking device on the Expedition to link the Expedition to an attempted armed robbery of another bank and the armed robbery of a store, both of which occurred on March 10, 2016 in Milwaukee and involved four unknown suspects. (*Id.* at 2-3.)
>
> The GPS data also showed the Expedition arriving at an apartment complex in Milwaukee shortly after the robbery of the store on March 10, 2016. (*Id.* at 3.) Surveillance footage from the apartment complex identified the four suspects from the store robbery arriving at the same time in the Expedition. (*Id.*) One of the suspects was living in apartment 218. (*Id.*)
>
> Law enforcement eventually entered the apartment and arrested Felton and three others. (*Id.*) Felton and the others were identified as the suspects involved in the robberies. (*Id.*) The Expedition was searched and evidence implicating Felton in the robberies was seized by the police. (*Id.*) Felton also made a post-arrest, *Mirandized* statement, during which he admitted to ownership of the Expedition and that he participated in the above-referenced robberies. (*Id.*)

Dkt. No. 40 at 2-3.

The defendant attached a copy of the application for the warrant to his motion to suppress. Dkt. No. 37-1. The application shows that the person who applied for the warrant was a Milwaukee County Assistant District Attorney. Id.

2

at 1. The warrant proposed that members of the Wauwatosa Police Department would install the GPS tracking device. Id. at 2. The affidavit in support of the warrant was sworn to by a Wauwatosa Police Department detective. Id. at 3. The Milwaukee County Court Commissioner's order authorized officers or detectives of the Wauwatosa Police Department to install the device and to track it. Id. at 4.

In its response to the motion to suppress, the government stated the following:

> It was local police through the Milwaukee County District Attorney's Office, not the FBI, that requested the GPS and seal orders from state court. Although the FBI was involved in the investigation, it was not directing local police, and it did not request the GPS order for Felton's vehicle. Furthermore, the installation and monitoring of the GPS unit was controlled completely by local police. Thus, these facts support the conclusion that the installation and monitoring of the GPS unit was a state search rather than a "federal search." However, the distinction is irrelevant in the analysis of whether the GPS order was valid.

Dkt. No. 38 at 3 n.1.

**Argument that the Warrant Did Not Comply with Rule 41**

The defendant's first argument is that the court should suppress the evidence that resulted from the installation of the GPS device because the Milwaukee County Court Commissioner's installation order—the "warrant"—did not comply with Fed. R. Crim. P. 41. Why would a search warrant requested by a local prosecutor, supported by an affidavit from a local police detective, alleging violations of Wisconsin law, and issued by a local judicial officer, need to comply with the requirements of a *federal* procedural rule? The

3

defendant argues, both in the suppression motion and in his objection to Judge Joseph's report and recommendation, that the installation of the GPS tracking device was "federal in character," presumably because the government conceded that the FBI was "involved in the investigation" and because, nine days after the defendant was charged in Milwaukee County, those charges were dismissed, and he was charged federally. Accordingly, the defendant argues, the warrant was subject to the requirements of Rule 41.

In support of his argument that the search was "federal in character," and thus was subject to the procedural requirements of the federal warrant rule, the defendant cites United States v. Harrington, 504 F.2d 130 (7th Cir. 1974). The appellant in Harrington argued that the district court should have suppressed the evidence in his case, because both state and federal authorities were involved in the search and thus the warrant had to comply with Rule 41. Id. at 133-134. The appellant argued that the state-issued warrant did not comply with Rule 41. Id. The Harrington court rejected the argument that the warrant had to comply with all of the requirements of Rule 41, and affirmed the district court's denial of the appellant's motion to suppress. Id. at 133-4.

In conducting the analysis that brought it to that conclusion, however, the court "assume[d] that [the search] was a federal search," because while local law enforcement had conducted the search, "the chief investigator of [the federal Drug Abuse Law Enforcement program] and an Assistant United States Attorney were present at the search as observers." Id. at 133. The court also based its assumption on the fact that "the search ultimately resulted in a

4

federal indictment and the state proceedings were dismissed when the federal indictment was returned . . . ." Id.

While he concurred with the conclusion that the district court correctly denied the motion to suppress, Judge Fairchild filed a brief separate concurrence which stated, "I do not deem that the presence of federal officers or the cooperative nature of the enforcement effort requires that the warrant and search in this case fulfill Rule 41, F.R. Cr. P. It is enough, in my opinion, that the search, which presumably fulfilled state law requirements, complied with federal constitutional requirements." Id. at 134.

In assuming that the search was federal because of the involvement of federal officers and the resulting federal charges, the Harrington majority noted that the Fifth Circuit had reached a similar conclusion under similar circumstances, citing United States v. Sellers, 483 F.2d 37, 42 (5th Cir. 1973), cert. den., 417 U.S. 908 (1974). In Sellers, the appellants had argued that "the fruits of the search, conducted under authority of the warrant issued by an Alabama judge on a probable cause showing a breach of Alabama law, but not federal law, are not admissible in a federal prosecution." Sellers, 483 F.2d at 41-42. The Sellers court stated, "This somewhat startling contention is based on the premise that the federal involvement in this particular search made it equivalent to a federal search and thus subjected it to the technical requirements of Rule 41 of the Federal Rules of Criminal Procedure . . . ." Id. at 42. The Sellers court rejected the argument that the evidence which was recovered as a result of the execution of the warrant was inadmissible.

5

In order to reach the admissibility argument, however, the court stated, "Despite the government's contention that the fact is otherwise, we assume for the purpose of this decision that there was sufficient federal involvement to require that the search be treated as a federal search." Id. at 42. The court then dropped a footnote which explained,

> [t]he proof discloses that the informant [who provided the information that provided probable cause for the warrant] was an active federal official and that this informant and one other such official accompanied state officers to the premises and participated in certain phases of the search process. After a successful state prosecution based upon the evidence disclosed by the search, the instant federal charges were filed.

Id. at 42 n.4.

This court finds that the defendant's reliance on the Harrington majority assumption, and on Sellers, is misplaced. First, neither the Harrington court nor the Sellers court did what the defendant invites this court to do—suppress evidence recovered under a state warrant because that warrant did not comply with the requirements of Rule 41. Indeed, both courts declined to impose a rule that would "require that state court warrants meet all of the Rule 41 procedural requirements whenever federal officers have sufficient evidence of federal law violations to obtain a federal warrant." Sellers, 483 F.2d at 44.

Second, it appears that the portion of Sellers upon which the defendant relies is no longer good law. In United States v. McKeever, 905 F.2d 829, 830 (5th Cir. 1990), the Fifth Circuit, sitting *en banc,* reversed the district court's conclusion that the Rule 41(a) court-of-record requirement applied when a federal search was executed pursuant to a state warrant. In reaching its

6

decision, the district court had relied—as does the defendant here—on Sellers. Id. Reversing the lower court's decision in McKeever, the Fifth Circuit stated, "We conclude that Fed. R. Crim. P. 41 only applies to warrants issued 'upon the request of a federal law enforcement officer or an attorney for the government.' To the extent that *Navarro [v. United States],* 400 F.2d 315 [(5th Cir. 1968)], *Sellers*, 483 F.2d 37; and *[United States v.] Martin*, 600 F.2d 1175 [(5th Cir. 1979)], indicate to the contrary, they are overruled." McKeever, 905 F.2d at 833.

Third, the defendant ignores the fact that, thirteen years after the Harrington decision, and almost thirty years before the search that resulted in the defendant's prosecution, the Seventh Circuit addressed, and rejected, the argument he makes in this case. In United States v. Hornick, 815 F.2d 1156, 1157 (7th Cir. 1987), the defendant was "[c]aught at the airport with more than 250 grams of cocaine in his boots." He filed a motion to suppress the cocaine, arguing that because a federal agent went with the state officers who executed the search warrant at the airport, "federal participation requires a federal warrant," and the warrant executed in his case—"issued by a Wisconsin judge to Wisconsin officials"—did not comply with Rule 41. Id. at 1158. Hornick argued that the Wisconsin warrant failed to comply with Rule 41 in several respects. Id.

As indicated above, the Seventh Circuit rejected this argument. The court stated (as the government pointed out in both its response to the defendant's

7

motion to suppress and in its response to his objection to Judge Joseph's report and recommendation):

> It should be clear after *United States v. Leon*, 468 U.S. 897 . . . (1984), that technical defects in a warrant do not call for or permit exclusion of what the search produces. Judge Friendly's thorough opinion in *United States v. Burke*, 517 F.2d 377 (2d Cir. 1975), discusses the extent to which suppression of evidence is the proper response to violations of Rule 41. Our own cases, roughly contemporaneous with *Burke*, say that foibles in the administration of Rule 41 are not grounds for exclusion. *United States v. Jones*, 518 F.2d 384, 387-88 (7th Cir. 1975); *United States v. Harrington*, 504 F.2d 130 (7th Cir. 1974). In light of *Leon*, it is difficult to anticipate any violation of Rule 41, short of a defect that also offends the Warrant Clause of the fourth amendment, that would call for suppression. Many remedies may be appropriate for deliberate violations of the rules, but freedom for the offender is not among them.

Id.

In Hornick, the Seventh Circuit confirmed Judge Fairchild's view, expressed in his concurrence in Harrington, that the question of whether the warrant complied with Rule 41 is "largely irrelevant," unless the alleged failure to comply with the rule "violated any of [the defendant's] constitutional rights." United States v. Patrick, Case No. 13-cr-234, 2015 WL 106158 at *4 (E.D. Wis. Jan. 7, 2015). For that reason, this court rejects the defendant's argument that the court must suppress the evidence produced by the GPS monitor because the warrant did not comply with the requirements of Rule 41.

**Argument that the Warrant Violated the Fourth Amendment's Warrant Clause**

In her report and recommendation, Judge Joseph also analyzed the constitutionality of the warrant under the Fourth Amendment, in response to

8

the defendant's statement in the motion that "Rule 41's tracking-device warrant statutory requirements are the codification of constitutional norms against unreasonable searches and seizures." Dkt. No. 37 at 6. Judge Joseph found that the warrant met the requirements of the Fourth Amendment's warrant clause—it was issued by a neutral and disinterested judicial officer (Milwaukee County Court Commissioner Barry Phillips), Dkt. No. 37-1 at 4; it particularly described the information to be seized (GPS tracking data) from a specific vehicle (the 1998 Ford Expedition SUV bearing registration 975-YLG and vehicle identification number 1FMPU18L8WLA14612); and the warrant application provided probable cause to believe that that vehicle had been used in the commission of two robberies (Dkt. No. 37-1 at 6). See Dalia v. United States, 441 U.S. 238, 255 (1979).

In his objection to Judge Joseph's recommendation, the defendant expanded on the one-sentence assertion he'd made in the motion to dismiss. In the objection, the defendant argued that when analyzing the constitutionality under the Fourth Amendment of a warrant for a GPS tracking device—which, he argues, is not a warrant to search a physical space—the court should look at the "duration for which the search itself can continue." Dkt. No. 41 at 7. The defendant points this court to Justice Alito's concurring opinion in United States v. Jones, ___ U.S. ___, 132 S. Ct. 945 (2012). In Jones, Justice Scalia, writing for the majority, held that the installation of a GPS tracking device on a vehicle constituted a physical occupation of private property, and thus was subject to the warrant requirement. Id. at 949. Justice Sotomayor wrote a

9

concurring opinion, expressing concern that "longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy." Id. at 955 (citation omitted). She did not define the phrase "longer term GPS monitoring."

Justices Alito, Ginsberg, Breyer and Kagan concurred in the judgment, with Justice Alito writing. Justice Alito criticized the majority's reasoning, and expressed the view that Justice Scalia's trespass theory "largely disregards what is really important (the *use* of a GPS for the purpose of long-term tracking) . . . ." Id. at 961. Justice Alito conceded that "relatively short-term monitoring of a person's movements on public streets accords with expectations of privacy that our society has recognized as reasonable." Id. at 964 (citation omitted). He opined, however, that "[w]e need not identify with precision the point at which the tracking of this vehicle became a search for the line was surely crossed before the 4-week mark." Id.

The defendant argues, based on the above language in Justice Alito's concurrence, that this court should hold (a) that the question of whether a GPS warrant violates the Fourth Amendment should be based on the duration of the monitoring period, and (b) that monitoring periods of longer than four weeks (including the eight-week period authorized by the warrant in his case) violate the Fourth Amendment.

The court will not so hold. Justice Alito's concurring opinion in Jones is not binding precedent, and to the court's knowledge, the Seventh Circuit has not yet adopted Justice Alito's reasoning as governing circuit law. See, United States v. Brown, 744 F.3d 474, 476 (7th Cir. 2014) (explaining that the Jones

10

court did not hold "—though five Justices suggested in concurring opinions—that monitoring a car's location for an extended period of time is a search even if the car's owner consents to installation of the GPS unit . . . .") Further, the defendant raised this argument, in this fashion, in his objection to Judge Joseph's report and recommendation; the government did not have a chance to fully brief this particular argument before Judge Joseph, and the issue has not been fully briefed before this court. Finally, as the government argues in its response to the defendant's objection, the Supreme Court's decision in <u>Leon</u> provides an exception to the requirement of suppression when officers rely, in good faith, on the judicial officer's issuance of the warrant, unless "the officer [had] no reasonable grounds for believing that the warrant was properly issued." <u>Leon</u>, 468 U.S. at 922-923. The record reveals no reason that the officers who installed the GPS device and monitored it for sixty days had any grounds to believe that the court commissioner did not properly issue the warrant.

**Conclusion**

The court **DENIES** the defendant's motion to suppress. Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

11

Case 2:16-cr-00051-PP   Filed 08/03/16   Page 11 of 11   Document 44