UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEPHEN C. FELTON,

Defendant.

Case No. 16-cr-51-pp

---

**ORDER REGARDING DEFENDANT'S LETTER RELATING TO RESTITUTION PAYMENTS (DKT. NO. 136)**

---

On January 3, 2018, the court sentenced the defendant. Dkt. No. 123. The sentence included an order that the defendant pay a special assessment (an administrative fee) of $1,100 ($100 for each count of conviction), and $26,263.66 in restitution (owed jointly and severally with his co-defendants). Id., Dkt. No. 124 at 5.

The court ordered that the $1,100 special assessment was payable immediately. It ordered that the $26,263.66 in restitution, however, was due in equal monthly installments of no less than $25.00, starting thirty days *after* the defendant is released to supervision. Dkt. No. 124 at 6.

On January 2, 2019, the court received a letter from the defendant. Dkt. No. 136. He indicated that as of the December 19, 2018 date of his letter, the prison[1] was taking $85 per month out of his prison account for restitution. He

---

[1] It appears, from the Bureau of Prisons' inmate locator service, that the defendant is incarcerated at FCI Sandstone. https://www.bop/gov/inmateloc/

states that by taking $85 a month out of his account for restitution, the prison is violating the court's order that required him to pay restitution at no less than $25 per month. Id. He asks whether anything can be done to lower his restitution payment back to $25 a month, because the higher payment is hindering him and his family (who collected money for his commissary needs). Id.

The court often receives letters like this from inmates. Because the court cannot give legal advice, it is best for an inmate to discuss issues like these with the prison staff member who was responsible for helping develop his Inmate Financial Responsibility Plan, or with his lawyer, rather than with the court. The court does not have all the facts. It does not know why the prison is taking $85 per month out of this defendant's account. Perhaps, as the defendant says, the prison is sending the entire $85 to the court for restitution—if so, that would not comply with this court's order. The court did not intend for the defendant to start paying restitution **_until after he is released on supervised release_**. But it could be that the prison is applying the $85 per month to pay down, not the restitution, but the special assessment of $1,100, which was due immediately. Or perhaps the prison is using the $85 to pay for other financial obligations the court doesn't know about. All the court knows is what it ordered—that the defendant pay the $1,100 special assessment immediately, and that he pay the restitution at $25 a month, starting thirty days *after* he is released from custody.

The court encourages the defendant to begin by asking for an appointment with prison staff to review his IFRP. Perhaps he can get further information about why the prison is taking $85 per month out of his account, and what that money is going to. The defendant should feel free to share this order with prison staff, in case it helps the staff understand the court's intent in imposing the sentence.

To the extent that the defendant is asking the court to order the Bureau of Prisons to reduce the amount it is taking from the defendant's account, the court must deny that request. The court does not have that authority.

Dated in Milwaukee, Wisconsin this 3rd day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**